UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HERMAN BRIOSO,

                Plaintiff,

   -against-                                     COMPLAINT AND
                                                            JURY TRIAL DEMAND

P.O. EDWIN RAMIREZ, Shield No. 20855 and
THE CITY OF NEW YORK,

                Defendants.
------------------------------------------------------------------X

      Plaintiff, HERMAN BRIOSO, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

    1.    This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

    2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

    3.    Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

    4.    Plaintiff, invoking the pendent jurisdiction of this Court, also seeks damages for compensatory and punitive damages for false arrest, battery and negligence.

## VENUE

    5.    Venue is properly alleged in the Southern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff, HERMAN BRIOSO, was and is a natural person, resident in the County of Bronx, City and State of New York.

8. At all times relevant hereto, defendant P.O. EDWIN RAMIREZ, Shield No. 20855 (hereinafter "RAMIREZ") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

9. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

10. Defendant RAMIREZ is sued in his individual capacity as well as in his capacity as an employee of defendant CITY OF NEW YORK.

11. On or about April 28, 2006, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claim arose.

12. More than thirty (30) days have elapsed since the aforesaid verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claim.

13. This action is commenced within one year and ninety days from the date the pendent claims herein accrued.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST DEFENDANT RAMIREZ
## (42 U.S.C. §1983)

14. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "13" hereinabove as if more fully set forth at length herein.

15. On or about February 10, 2006, at approximately 3:15 P.M., at the corner of East 141st Street and Cypress Avenue, in the County of Bronx, City and State of New York, plaintiff, who was in the process of crossing the street, was directed to stop where he was by defendant RAMIREZ.

16. Defendant RAMIREZ commenced to rear-handcuff plaintiff.

17. Immediately prior to being handcuffed, plaintiff requested of defendant RAMIREZ that he not be rear-handcuffed. He informed defendant RAMIREZ that his right wrist had previously been severely injured and that it would be extremely painful for him were he to be tightly rear-handcuffed.

18. In reply to plaintiff's request, defendant RAMIREZ directed him to stop whining.

19. Defendant RAMIREZ twisted plaintiff's right arm, tightly handcuffed him and pushed him, face down, into the rear seat of a New York City Police Department motor vehicle.

20. Plaintiff, immediately suffering from extreme pain in his right wrist, asked defendant RAMIREZ to remove his wallet from his right rear pants pocket so that defendant RAMIREZ could properly identify plaintiff.

21. Defendant RAMIREZ waited approximately seven minutes before he removed plaintiff's wallet and looked at plaintiff's identification.

22. Immediately upon looking at plaintiff's identification, defendant RAMIREZ realized that plaintiff was not the person he had been looking for.

23. Defendant RAMIREZ, however, did not remove the handcuffs from plaintiff's wrists.

24. The reason defendant RAMIREZ did not remove the handcuffs he had tightly placed on plaintiff's wrists was that he did not have a key to the handcuffs in his possession.

25. Defendant RAMIREZ radioed other officers, who, after an additional half hour, responded and removed the handcuffs from plaintiff's wrists.

26. Defendant RAMIREZ stated that he had made a mistake in his arresting and tightly handcuffing plaintiff. Consequently, defendant RAMIREZ proceeded to drive plaintiff to three different locations.

27. First, he took plaintiff to plaintiff's residence, so that plaintiff could inform the person he lived with that he was going to the hospital to be treated for the injury to his right wrist that had been caused by the handcuffing.

28. Next, defendant RAMIREZ drove plaintiff to his place of employment, where plaintiff informed his employer that he would not be able to work because of the injury to his right wrist.

29. Finally, defendant RAMIREZ drove plaintiff to Lincoln Hospital, where plaintiff received treatment for the aforementioned injury to his right wrist.

30. Defendant RAMIREZ admitted to plaintiff, to plaintiff's employer, and to at least one employee of Lincoln Hospital that he had injured plaintiff and that he had been mistaken in detaining plaintiff.

31. Defendant RAMIREZ violated plaintiff's right to the due process of law guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States in that, acting under color of state law, he, without any cause or provocation whatsoever, falsely arrested plaintiff and tightly and painfully handcuffed him.

32. Because of the aforesaid acts committed by defendant RAMIREZ, plaintiff suffered a deprivation of the right to the due process of law guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States and, as a result, suffered a loss of liberty; suffered, and continues to suffer, serious, permanent and painful physical injuries; lost his employment and incurred, and continues to incur, medical expenses.

33. By reason of the unconstitutional and unreasonable actions taken against him by defendant RAMIREZ, plaintiff has been damaged in the sum of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant RAMIREZ.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS RAMIREZ AND THE CITY OF NEW YORK
(Battery)

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "33" hereinabove as if more fully set forth at length herein.

35. On or about February 10, 2006, at approximately 3:15 P.M., at the corner of East 141st Street and Cypress Avenue, in the County of Bronx, City and State of New York, defendant RAMIREZ, without probable cause, offensively touched plaintiff by

tightly handcuffing him and leaving him tightly handcuffed for approximately thirty-seven minutes.

36. The aforesaid force used by defendant RAMIREZ was not reasonable under the circumstances.

37. At the aforesaid time and place defendant RAMIREZ was acting within the scope of his employment by defendant CITY OF NEW YORK.

38. By reason of the aforesaid battery committed against him by defendant RAMIREZ, while said defendant was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff suffered and continues to suffer serious, permanent and painful physical injuries, lost his employment and has incurred, and will continue to incur, medical expenses.

39. As a result of the battery committed against him by defendant RAMIREZ, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff has been damaged in the sum of One Million ($1,000,000.00) Dollars and seeks an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant RAMIREZ.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS RAMIREZ AND THE CITY OF NEW YORK
### (False Arrest)

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "39" hereinabove as if more fully set forth at length herein.

41. On or about February 10, 2006, at approximately 3:15 P.M., at the corner of East 141st Street and Cypress Avenue, in the County of Bronx, City and State of

New York, defendant RAMIREZ, without probable cause therefor, forcibly, wrongfully and unlawfully arrested plaintiff and, against plaintiff's own free will, held plaintiff prisoner in a New York City Police Department motor vehicle for approximately thirty-seven minutes.

42. At the time he committed the aforesaid act of false arrest and false imprisonment, defendant RAMIREZ was acting within the scope of his employment by defendant CITY OF NEW YORK.

43. By reason of the false arrest committed against him by defendant RAMIREZ, while said defendant was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff suffered a loss of liberty; suffered, and continues to suffer, serious, permanent and painful physical injuries; lost his employment and incurred, and continues to incur, medical expenses.

44. As a result of the aforesaid act of false arrest committed against him by defendant RAMIREZ, who was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff has been damaged in the sum of One Million ($1,000,000.00) Dollars and seeks an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant RAMIREZ.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS RAMIREZ AND THE CITY OF NEW YORK
(Negligence)

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "44" hereinabove as if more fully set forth at length herein.

46. On or about February 10, 2006, at approximately 3:15 P.M., at the corner of East 141st Street and Cypress Avenue, in the County of Bronx, City and State of New York, defendant RAMIREZ tightly handcuffed plaintiff.

47. After approximately seven minutes of holding plaintiff prisoner in a New York City Police Department motor vehicle, defendant RAMIREZ realized that he had no probable cause to hold plaintiff prisoner.

48. Defendant RAMIREZ was unable to release plaintiff, even though he realized that he had no probable cause to hold him, because defendant RAMIREZ negligently, carelessly and recklessly failed to have with him keys to his handcuffs.

49. Consequently, defendant RAMIREZ kept plaintiff tightly and painfully handcuffed for approximately one additional half hour while he waited for other New York City police officers to arrive with a handcuff key.

50. At the time that he committed the aforesaid negligent act, defendant RAMIREZ was acting within the scope of his employment by defendant CITY OF NEW YORK.

51. By reason of the aforesaid negligence of defendant RAMIREZ, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff suffered a loss of his liberty; suffered and continues to suffer serious, permanent and painful physical injuries; lost his employment and incurred, and continues to incur, medical expenses.

52. As a result of the aforementioned recklessness, carelessness and negligence of defendant RAMIREZ, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff has been damaged in the sum

of One Million ($1,000,000.00) Dollars and seeks an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant RAMIREZ.

WHEREFORE, plaintiff, HERMAN BRIOSO, demands judgment against defendants, P.O. EDWIN RAMIREZ, Shield No. 20855 and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant RAMIREZ;

SECOND CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant RAMIREZ;

THIRD CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant RAMIREZ;

FOURTH CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant RAMIREZ.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
May 3, 2007

*[signature]*

ALAN D. LEVINE, ESQ. (AL 3634)
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 1010
Kew Gardens, New York 11415
(718) 793-6363
File No: 2033