



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAY 2 2 2007

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

JORDAN M. SMITH
(212) 788-0869
fax (212) 788-9776
josmith@law.nyc.gov

May 22, 2007

**SO ORDERED**

*George B. Daniels*

HON. GEORGE B. DANIELS

MAY 2 2 2007

**BY FAX**
Honorable George B. Daniels
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 630
New York, NY 10007

Re: Herman Brioso v. City of New York, et al.
07-CV-3649 (GBD)

Your Honor:

I am an attorney in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to the defense of the above-referenced federal civil rights lawsuit. I respectfully write to request a sixty day enlargement of defendant City of New York's time to answer or otherwise respond to the complaint from May 29, 2007, to July 27, 2007. Plaintiff's counsel, Alan D. Levine, Esq., consents to this request.

There are several reasons for seeking an enlargement of time. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this additional time to investigate the allegations of the complaint. In this case, plaintiff alleges he was falsely arrested and battered by a New York City police officer on February 10, 2006, and further alleges that he was subsequently maliciously prosecuted. Plaintiff specifically claims he was handcuffed improperly causing exacerbation of a pre-existing hand injury. Records of this incident may have been sealed pursuant to New York Criminal Procedure Law § 160.50. Therefore, this office is in the process of forwarding to plaintiff's counsel for execution a consent and authorization for the release of those sealed records so that defendant can access the information, properly assess the case, and respond to the complaint. This office is also providing the plaintiff's counsel with medical authorizations to be executed by plaintiffs in order that we may assess the extent of plaintiffs' alleged physical or psychological injuries.

The extension will also enable plaintiff to complete service of process upon the individually named defendant, Police Officer Edwin Ramirez, if he has not already done so.

Once service is effected, the enlargement will allow time for this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent the individual defendants. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

No previous request for an enlargement of time to respond to the complaint has been made. Defendants note that the Court has scheduled an initial conference for August 9, 2007, at 9:30 a.m.; thus, the requested enlargement will not delay the commencement of discovery in this matter. Accordingly, it is respectfully requested that defendant City of New York's time to answer or otherwise respond to the complaint be enlarged from May 29, 2007, to July 27, 2007.

Thank you for your consideration of this request..

Respectfully submitted,

Jordan M. Smith (JS 7186)
Assistant Corporation Counsel

cc:   Alan D. Levine, Esq.
      (by fax to (718) 544-5703)