UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

HERMAN BRIOSO,

                                            Plaintiff,

                -against-

P.O. EDWIN RAMIREZ, Shield No. 20855, and THE CITY OF NEW YORK,

                                            Defendants.

------------------------------------------------------------------------ x

**ANSWER**

Jury Trial Demanded

07 Civ. 3649 (GBD)

        The City of New York and Edwin Ramirez, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit plaintiff purports to proceed as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit plaintiff purports to proceed as stated therein.

        3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit plaintiff purports to proceed, and to invoke the jurisdiction of the Court, as stated therein.

        5.     Deny the allegations set forth in paragraph "5" of the complaint, except admit plaintiff purports to base venue as stated therein.

        6.     Paragraph "6" sets forth no averments of fact to which a response is required.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit Edwin Ramirez, Shield No. 20855, is employed by defendant City of New York as a police officer

9. Admit the allegations set forth in paragraph "9" of the complaint.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit plaintiff purports to proceed as stated therein.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that a purported Notice of Claim was received in the Office of the Comptroller on or about April 28, 2006.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit no payment has been made to plaintiff.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit this action was commenced on May 8, 2007.

14. In response to the allegations set forth in paragraph "14" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "13" inclusive of this answer, as if fully set forth herein.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit plaintiff was directed to stop by defendant Ramirez near the corner of 141st Street and Cypress Avenue in the Bronx at approximately 3:15 p.m. on February 10, 2006.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admit plaintiff was handcuffed on February 10, 2006.

17. Deny the allegations set forth in paragraph "17" of the complaint, except admit plaintiff requested not to be rear handcuffed.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Admit the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint, except admit Ramirez could not remove the handcuffs.

24. Deny the allegations set forth in paragraph "24" of the complaint, except admit defendant Ramirez could not remove the handcuffs because he did not have a key.

25. Deny the allegations set forth in paragraph "25" of the complaint, except admit defendant Ramirez radioed for other officers who responded and removed the handcuffs from plaintiff's wrists.

26. Deny the allegations set forth in paragraph "26" of the complaint, except admit defendant Ramirez drove plaintiff to three other locations.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint, except admit Ramirez drove plaintiff to his purported place of employment.

29. Admit the allegations set forth in paragraph "29" of the complaint, except deny knowledge or information sufficient to form a belief as to whether plaintiff received medical treatment.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. In response to the allegations set forth in paragraph "34" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "33" inclusive of this answer, as if fully set forth herein.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint and respectfully refer all questions of law to the Court.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. In response to the allegations set forth in paragraph "40" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "39" inclusive of this answer, as if fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. In response to the allegations set forth in paragraph "45" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "44" inclusive of this answer, as if fully set forth herein.

46. Deny the allegations set forth in paragraph "46" of the complaint, except admit plaintiff was handcuffed.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint, except admit defendant Ramirez did not have keys to the handcuffs.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

53. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

54. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

55. The individual defendant Edwin Ramirez has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

56. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

57.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendants.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

58.     Plaintiffs has failed, in whole or in part, to comply with New York General Municipal Law § 50-e.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

59.     There was probable cause for plaintiff's arrest and detention.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:**

60.     There was reasonable suspicion to stop, question and frisk plaintiff.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

61.     Plaintiff cannot recover punitive damages from defendant City of New York.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

62.     Plaintiff provoked any incident.

**WHEREFORE,** defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        July 27, 2007

                MICHAEL A. CARDOZO
                Corporation Counsel of the
                  City of New York
                Attorney for Defendants
                100 Church Street, Room 3-141
                New York, New York 10007
                (212) 788-0869

By:  /s/ Jordan M. Smith
     JORDAN M. SMITH (JS 7186)
     Assistant Corporation Counsel

To:  Alan D. Levine, Esq. (by ECF)
     80-02 Kew Gardens Rd.
     Suite 1010
     Kew Gardens, NY 11415